Louis Berlin and Arlene Berlin v. Commissioner.
Berlin v. Commissioner
Docket No. 2427-63.
United States Tax Court
T.C. Memo 1964-310; 1964 Tax Ct. Memo LEXIS 29; 23 T.C.M. (CCH) 1905; T.C.M. (RIA) 64310; November 30, 1964
*29 Petitioner used his personally owned automobile in connection with his employment by a corporation in which he owned all of the stock. He was not reimbursed by his employer either for these automobile expenses or for entertainment expenses he sought to deduct. Held: Some travel expenses should be allowed for 1961 and the amount determined. Louis Berlin, pro se, 6505 Larmanda, Dallas, Tex. Willard A. Herbert, for the respondent. HOYT
Memorandum Findings of Fact and Opinion HOYT, Judge: Respondent determined a deficiency in petitioners' income tax for the year 1961 in the amount of $544.98. This resulted from the respondent's disallowance of several deductions claimed in petitioners' income tax return for that *30 year. The sole issue left for decision is whether, under the facts and circumstances of this case, petitioners are entitled to deduct $1,520 claimed as travel and entertainment expense incurred in the business of petitioner Louis Berlin. Several other issues raised by the pleadings were conceded by petitioners at time of trial. Findings of Fact Petitioners, Louis Berlin and Arlene Berlin, are husband and wife residing in Dallas, Texas. During the year 1961 they were residents of Brooklyn, New York, and they filed a joint income tax return for that year with the district director of internal revenue at Brooklyn. The wife, Arlene, is a party hereto solely by reason of her having joined in the filing of said joint return, and the term "petitioner," as hereinafter used, will refer only to the husband, Louis Berlin. During the year 1961 petitioner was chief executive officer, sales supervisor, and salesman for National Aluminum Discount Center, Inc., a New Jersey corporation engaged in the business of home improvement. He reported receipt of $10,253.37 as salary from this corporation. Petitioner owned all or substantially all of National's outstanding stock. This corporation was located *31 at 2523 Hudson Boulevard, North Bergen, New Jersey, and it employed, in addition to petitioner, three salesmen. These three salesmen were not paid a salary, but were paid a certain amount each week for travel expense. Petitioner was paid a salary, but was paid no travel allowance and was not reimbursed by the corporation for expenditures of his own funds on company business. Petitioner spent considerable time traveling in his own car on company business in three states. The corporate employer did not own or furnish a car for petitioner's use in conducting its business. In 1961 he was on the road most of the time. He did not stay overnight on business trips since he was always close enough to his home in Brooklyn to return home for the night. During 1961 he traveled in excess of 30,000 miles in his own car, a 1960 Chrysler. He estimated that 98 percent of his travel was in pursuit of his company's business. Petitioner paid all of the expenses of such travel out of his own funds without reimbursement. He also paid for his own meals, for lunches and dinners for salesmen and suppliers and for tolls. Petitioner obtained receipts for these expenses. He used these receipts to reach the *32 total claimed on his income tax return for 1961. Nothing was included in the amount claimed for depreciation on petitioner's automobile, for insurance thereon or for car expenses other than operational ones. At trial petitioner did not produce his receipts stating that they could not be located; that he did not know where they were. His testimony with reference to these expenses and the receipts therefor was as follows: Well, this was a small business that I operated myself. I traveled quite a bit through three states, for which I wasn't reimbursed and which I deducted on my 1961 income tax. I don't have the receipts because, in the interim, that business has been dissolved and all receipts are missing. We don't know where they are. Opinion This case involves the simple problem of substantiation of expenses the subject of a claimed deduction. Respondent has disallowed in full petitioner's deduction of $1,520 taken for "Travel, Entertainment, Car Expenses as salesman - not reimbursed." Petitioners alleged in their petition that respondent erred in denying the travel and entertainment expenses claimed in the amount of $1,520 for lack of substantiation. On brief respondent argues *33 that there is no justifiable basis for allowing petitioners any deduction for travel and entertainment expenses in 1961 and relies upon , affd. (C.A. 9, 1962). Respondent's reliance on Hearn is misplaced here and we think the facts of this case are significantly different from those disclosed in that case and the cases are clearly distinguishable. In , we observed as follows: Although we do not suggest that sworn testimony itself may not be suitable proof in appropriate cases, the testimony here was so general and of such summary and conclusory character that, in our opinion, petitioner has wholly failed to carry the burden of proof, not only as to the making of the expenditures in question (in excess of the amounts stipulated) but also as to the necessary proximate relationship between the alleged expenditures and his business. Although petitioner was not able to produce any receipts substantiating his claimed expenses, he testified that formerly he had receipts showing his expenditures which gave rise to the claimed travel and entertainment deduction. These receipts have been *34 lost and the former business operation in New Jersey and adjoining states by his corporate employer has been dissolved. Meanwhile he has moved from Brooklyn, New York to Dallas, Texas, where he resided at the time of trial. The only evidence before us to support his claimed deduction was his own testimony that he incurred the unreimoursed expenses claimed. A taxpayer claiming a deduction need not prove the amount of expense claimed with complete accuracy. He need only prove sufficient facts to form the basis for a reasonably accurate approximation of the deduction to which he is entitled. (C.A. 2, 1930).[1] As is true of petitioners in many cases of this sort, we think petitioner did use his personally owned automobile in the course of his employment, and he should be permitted to deduct something for this expense. Despite the complete lack of documentary or oral evidence corroborating petitioner's testimony, we believe that petitioner is entitled to at least a portion of the deduction claimed. We observed petitioner on the witness stand and were impressed with his demeanor and testimony. We found him to be a credible witness and *35 we have little doubt that the business in which he engaged required considerable automobile travel. Respondent has offered no evidence to rebut petitioner's testimony that he paid for his own business travel and was not reimbursed. Hence, petitioner is entitled to some deduction for business travel if he has produced evidence sufficient to overcome the presumptive correctness of respondent's determination and to permit a reasonable approximation of the amount. Part of the $1,520 deduction claimed was allegedly attributable to entertainment expense. The only evidence whatsoever dealing with this claimed expense was petitioner's statement that the took salesmen and suppliers out to lunch and dinner. He did not even estimate the amount expended for such items. As to entertainment expense, we cannot even apply the Cohan rule since there is absolutely no evidence upon which any kind of reasonable approximation could be made. See . Petitioner has presented some evidence to enable us to approximate his travel expense. He testified *36 that he traveled approximately 30,000 miles in 1961 and that 98 percent of that distance was business travel. To be sure, this oral testimony was uncorroborated - but neither was it contradicated. We are satisfied that petitioner's business was such that it required a considerable amount of travel, and we think that a deduction of $1,520 for travel would be entirely reasonable even if the total mileage has been less than 29,400, the distance petitioner estimated he traveled for business purposes. The total deduction petitioner has claimed, even if allocated entirely to travel expense (with none of it regarded as entertainment expense), amounts to less than 5 1/2 cents per mile for business use alleged. However, we must discount this somewhat because of the fact that petitioner lived in Brooklyn and his employer's place of business was in North Bergen, New Jersey. Petitioner would not be entitled to claim a deduction for his expenses of travel from home to place of employment and return. He apparently has not made allowance for that use in his estimate of business use of his car. Considering the nature of petitioner's business, and accepting his sworn testimony and the facts established *37 by the evidence before us as a basis for reasonable approximation, we find that $1,200 is a reasonable estimate of petitioner's unreimbursed expenses for business travel in 1961, and we hold that petitioner may deduct that amount. Decision will be entered under Rule 50. Footnotes
1. This is so only as to tax years ending prior to December 31, 1962. See section 274(d) of the 1954 Code.↩